Delcourt, Illinois, to reconvene the Honorable John Turner as I. Thank you Mr. Clerk. Good afternoon, please be seated. First case this afternoon is case 4140089, People v. White, for the appellant, Carolyn Clarquist. Did I pronounce that correctly? And for the appellee, Allison Pate Brooks. Ms. Clarquist, you may proceed. Good afternoon, your honors, counsel. I represent the appellant, James White. Two errors occurred during James White's trial which denied him a fair trial. The first error occurred when the court read a statement of judicial notice to the jury informing them that Mr. White, at the time he was arrested for this particular offense, was on bond for a pending criminal case and that a condition of his bond was that he not commit any criminal offenses. The problem with this evidence is that it was prejudicial, substantially prejudicial, and the probative value of it was not outweighed by the prejudicial effect. In this jury trial, what the jury heard through a statement of judicial notice from the judge is that Mr. White is someone who can't conform with the law. They find out through this statement that he has a pending criminal case, and then by the evidence of the case at bar, they're learning that he's in a hotel room where drugs were found. So in weighing this evidence, the judge should have placed both things on the scale. What's the probative value of the evidence? Emotive evidence can be probative, but at the same time, you also have to consider whether the prejudicial effect of the evidence outweighs its probative value. And in this circumstance, we maintain that it did. It calls for the jury to speculate. Obviously, the jury wasn't informed what his pending criminal case was, but they are informed that he's already on bond for something else. This isn't a situation where it's evidence about a prior bad act that maybe occurred five years ago. Say the guy had a drunk driving offense. In this case, they find out that he's on bond, and yet he still can't conform to his behavior by virtue of the fact that he's arrested in this hotel room where drugs are found in the room. Also, and that's exactly the kind of evidence that the courts have always said we have to consider whether or not its probative value is outweighed by its prejudicial effect. In here, there was plenty of evidence that the state that was properly admitted evidence could have argued motive. The most logical motive evidence here is that the officers are testifying that there's a hat on a table, and Mr. White picks up the hat very quickly and removes something and sticks it in his mouth. Well, there's also controlled substance found in the hotel room, so an easy thing to argue motive and a reasonable inference from the properly admitted evidence is that he's doing this So he doesn't get caught with a constructive possession charge. It's obviously within his arm's reach because he's able to remove the hat and get the item into his mouth. So in that regard... I don't understand what the probative value of that is. Of course, this actually lends to your argument. Unless there's marijuana or cocaine or some other controlled substance in the plastic. You mean the probative value of his act of taking... Right. Well, I think in the absence of his statement, which is suppressed, any prosecutor... If I were a prosecutor, I certainly would argue that the state doesn't have to prove motive. It's not an element of defense. It's not automatically admissible. But under these facts, a reasonable inference could be that his motive... And it could be argued by the state based on the fact that his motive is he doesn't want to get charged with constructive possession of whatever that item is. I think that would be a fair... But if there is an item contraband in the plastic, that completes the crime of obstruction of justice. Sure. But I think that... I mean, you can make that... Exactly. They can make that argument based on those facts that were testified by the officer who testified at trial. They're not hamstrung in any regard with regard to arguing motive. And again, they're not entitled to motive automatically. Any evidence, including motive evidence, is still subjected to a balancing test. That, you know, we have to consider what's the prejudicial effect versus the proven value. And here, as I mentioned, you know, the jury's allowed to speculate. And they see Mr. White sitting there. They're hearing this evidence. And they know he's a guy who's not going to obey the law. He's obviously got a pending charge. They don't know what it is. Speculation on their part. This isn't something where they learned he did something ten years ago. He paid his price to society. This informs the jury that he has an ongoing criminal case. And yet here he is still engaging in conduct that could subject him to criminal liability. The problem here, too, is that this evidence was presented through a statement of judicial notice read to the jury by the judge. This isn't evidence that was presented through witness testimony. The judge is giving this evidence. How does that matter? Well, I think it's more fair to say that a jury is more apt to pay attention to what the judge says. The judge is the umpire, if you will. He's telling them, you know, here's a piece of evidence coming from me. It's not coming from the parties. I think that's a problem because I do think a jury presumably is more apt to listen to a judge than defense attorney, prosecutor, witnesses. So if this testimony had come from a police officer, you wouldn't be here objecting? No, we would still object. But what we're saying here is that the error is exasperated by how the evidence came in. Sure, counsel was very adamant below that this evidence was not relevant, but more so that it was prejudicial. And could the state, once the evidence was admitted, the judge could have said to them, well, prove it up through someone from the court clerk's office, you know, testifying that he's got this pending charge. You know, counsel then, you know, the evidence had been admitted if the state wanted to put it in that way. But here we have the judge telling the jury something. And I think that does carry more weight. The judge is more important than the parties when it comes to the jury. They're listening to the judge for guidance. They're paying attention, hopefully, to what the judge says. And in that regard, you know, it is prejudicial in the sense that this evidence calls the jury to speculate, but it's also coming from a source who presumably carries more weight and authority than just the parties in the courtroom. And also, you know, this was capitalized on by the state in their closing argument, because what they're doing is arguing that his motive is that he's on bond, he doesn't want to violate his bond. And if he does so, then he, or a condition of his bond, rather, was that he wasn't supposed to engage in any criminal conduct. Well, again, swallowing a piece of plastic is not a violation of bond, is it? Unless there's some item of contraband in the plastic. Well, I mean, criminal conduct, I guess, I mean, when you look at the charge for obstructing justice, it's that he knowingly interfered with some piece of evidence. So, I mean, I think that regardless of what the evidence is, they obviously didn't get the evidence to conclude what it was, but they were able to charge him with this. And it just seems like with regard to motive, which is what this evidence is, goes to motive, it could have been easily argued. Like I mentioned, the state's not, their case isn't damaged in any way by not letting this evidence into the trial. The second area that occurred was during the jury instructions. The judge gave the jury an unnecessary and confusing jury instruction with the obstructing justice charge.  Which was not a jury instruction case, I would mention. The instruction was the state is not required to prove that the item the defendant concealed was an illegal substance. And the problem with that instruction, first it's unnecessary because IPI 22.20, which is the issue's instruction for obstructing justice, is carefully crafted. It fully and fairly reflects what the charge is. But more importantly, if we look at the non-IPI very carefully, what it says is the state is not required to prove something. That being the item the defendant concealed was an illegal substance. Well, the state has the burden of proof in the case. The state has to prove beyond a reasonable doubt that the defendant committed the charged offenses. So here, confusion could arise from the fact that this instruction, that says the jury's not required to prove something, could be confusing to the jury. These are laymen. They're getting two sort of different signals. They're getting jury instructions saying the state must prove something beyond a reasonable doubt. And then at the same time, they're getting a jury instruction that says the state is not required to prove something. So in that regard, this instruction was unnecessary. It was confusing. It's contrary to what the Supreme Court has said in People v. Bush. This is culling a statement of law from a case. Again, the case at issue, People v. Smith, which is from this court. It's not an issue raising jury instructions in that case. I think the defendant who was charged with obstruction of justice, probation violation based on that, wasn't charged also with possession of the controlled substance, which was the underlying issue there. So it's not like People v. Smith says, oh, when you have an obstruction of justice charge, the jury should get this statement as well. That's not something this court has said in Smith. And this is the exact type of practice, culling true statements of law. We're not disputing that. It's not an accurate statement. But this is a perfect example of where it's unnecessary because the IPI is totally clear. And because it mentions what the state is, quote, not required to prove, that is not appropriate. Not in this case where the state has to prove beyond a reasonable doubt. It's just not necessary. And it denied Mr. White a fair trial. And for both of those reasons, I would mention that both these errors are fully preserved. They contributed to his conviction on the first issue because of the prejudice that is inherent in alerting a jury to the fact that the defendant has engaged in criminal conduct, could have contributed to Mr. White's conviction. And then the add-on to that, of course, is then we have the jury instruction, which indicates that the state doesn't have the burden of proving something. Where ultimately, the state carries the burden throughout the entire proceeding, must prove this charge beyond a reasonable doubt. And for those reasons, we'd ask that you reverse Mr. White's conviction. Thank you. You will have rebuttal. Ms. Brooks. Good afternoon, Your Honors. May it please the Court and Counsel. My name is Allison Paige Brooks, appearing on behalf of the people. With respect to the first issue, the Statement of Judicial Notice, stateside rule that a motive is always relevant. And I'd like to sort of clarify that by the fact that it's really an applicable motive is relevant. And here the motive was, in fact, applicable because there was evidence the defendant was on bond and that one of his bond conditions was that he not commit another crime. And the bond was in a pending case. So that was all in existence. And then the other thing is what the trial court heard at the pre-trial hearing prior to ruling on this issue was the defendant's challenge to what was a Miranda issue in which the trial court heard evidence of the defendant's explanation for why he swallowed a baggie of suspected substance. But the state didn't appeal the granting of that motion. That's correct. So what the defendant said isn't proper evidence for any use, is it? No, Your Honor. The state disagrees with that position of the defendant because a Miranda violation only occurs when the defendant's statements that were unwarned are admitted by the prosecution in his case in chief at trial. And that's not something that happens here. Well, you mean the trial court, having granted the motion to suppress, can consider the statements that the defendant made in deciding whether or not to take judicial notice for evidence of motive? The state can consider it because it's evidence that the court heard. But the jury's not going to hear it. And it's the jury that has to decide the motive question. Well, in terms of what the judge is ruling before trial, in terms of whether in a limited context of whether an item of evidence is admissible, for example, foundation doesn't have to be something that the jury knows about. It could be something that only the judge knows about because the jury doesn't make decisions on whether a piece of evidence is to be admitted or not. So you think the judge, in deciding to take judicial notice and inform the jury that the defendant was out on bond, can consider in the exercise of his discretion the statements that the defendant made to the police that the judge had just suppressed? The statements were suppressed, actually excluded, under the Miranda prophylactic rule. That means it cannot be... Well, it was a motion to suppress, wasn't it? Motion to bar statements because they were in violation of Miranda? But the effect of the rule, in other words, the state can admit them as impeachment. If they testify. Right. If the defendant testifies. If they testify different. Exactly. So, I mean, it's not like this is an absolute bar to the commission of use. The question for the judge was, after he granted the defendant's motion, barring the state's use of these statements, should I let in the evidence that the state requested that the defendant was out on bond as providing a motive? In deciding this, the judge may consider the testimony of the defendant or the testimony about what the defendant said, even though the judge said it's not going to be admissible in trial? The distinction the state makes is that what is excluded for purposes of the Miranda rule is the defendant's statement. So, in other words, the idea that someone would swallow a baggie because they are on bonds and that provides a motive for them to do an otherwise unexplained act, that provides an argument for the state then to say. And it can inform the judge in his decision on whether to provide permanent evidence on the bond? Well, the state's position here is that there did not need to be evidence that the defendant told police as to why he swallowed the baggie. But the fact is, in the record, there is that evidence that was before the courts. And it was excluded from use by the prosecution in their case in chief at trial. However, that doesn't mean that the defendant can say, now look, Your Honor, that's not a good motive for swallowing a baggie. When the judge just heard the defendant explain. Well, for the question, I'm trying to come up with a narrow focus, Counsel. Maybe I'm not stating this correctly. The court just granted the motion to bar the state's use of this evidence at trial. And then the state asked for the court to take traditional notice of the fact that the defendant was out on bond. As providing, I guess, the theory as some explanation for why this all happened. You seem to be arguing that the very statement that the court had just suppressed is something which the court can consider in deciding should I let in the evidence that the defendant was out on bond. That evidence was heard by the judge and that was available to be considered by the judge in ruling as to whether this was an applicable motive that provides probative value in terms of making the balancing test. It's like the judge has to forget that he had heard evidence of that. Well, that's an interesting question. I suppose the next question is what if the judge hadn't heard any evidence at all? What if the defendant made no statements at all? Well, that was the state's point. The state's argument does not depend on the fact that the judge heard evidence that the defendant told police as to why he swallowed the baggie. The state's argument does not depend on that. But if this court has that in the record and the judge had that before the judge at that hearing, then it becomes an issue as to whether the trial judge abused its discretion by ruling in the manner it did on the issue of probative value versus prejudice when the defendant said that's why he swallowed the baggie. Now his position on appeal is that that's not a valid motive because it just doesn't make any sense as to what the defendant's position is because the only way they can hold that position is somehow it never happened what the defendant told police and that's not what the prophylactic rule Miranda does. Had the court not taken judicial notice in this case, what would the state's argument have been at trial to the jury? As to the defendant's motive for swallowing the baggie? Well, wouldn't the argument have been exactly the same? In saying, look, why would a guy grab a bag off a table and suddenly swallow it unless he knows it contains incriminating stuff? And this statute says a person obstructs justice when with the intent to prevent the apprehension or obstruct the prosecution, he knowingly commits any of the following acts, he destroys physical evidence. What other reason could there be, ladies and gentlemen, for his doing this? Especially with the need to prove his intent to obstruct the prosecution, that would be something that the prosecutors would explain to the jury. However, even if there were no reference to Bond at all, the argument would be exactly the same, wouldn't it? But the fact that he has evidence, that the state knows, because it has evidence that the defendant was in fact on Bond in a pending criminal case in which the Bond condition says he cannot commit another criminal offense, that means that he now has an additional motive for swallowing the baggie. There's a question here, the prerogative value versus the prejudicial effect, and I suppose the question is how much, when the inference is so compelling as to why he would be swallowing this baggie, he doesn't want to be caught with the drugs, how much prerogative value is added or additional value is added at all, and he's out on Bond, so this is a violation of his condition on Bond, as opposed to the prejudicial effect of revealing that he's a criminal in the eyes of the jury? Well, it's not like the state proved that he committed another crime, it's not as bad of a situation. But the jury is being told, if he's out on Bond, the inference is he's a criminal, he's been charged with something else, or he wouldn't be out on Bond. And this distinction between arrest and conviction and all that, for a lot of jurors, is not a fine one for them to make. They're being told about criminal, not just criminal activity, but that the authorities have charged him and the court has placed him on conditions of bond. That's prejudicial in all instances, isn't it? There is some prejudice, and the state does acknowledge that. However, it's a distinct situation when, in an ordinary other crime situation, it would be where the prosecutors have to prove the defendant committed another crime, and therefore the jury would be hearing details about the defendant's commission of another crime. And that would be a lot more prejudicial than a situation just where the jury only hears that the defendant has another pending criminal case. And in fact, the judge mitigated the prejudice by making sure that the jury would not hear the details of what the defendant was charged with. Given the Supreme Court's strange decision in People v. Atkinson, is it in fact mitigating not to tell the jury what the charge is? Didn't they, in rejecting mere fact impeachment, say, oh, this is bad, we have to tell the jury what the actual charge is? I understand the defendant's point is that it invites the jury to speculate, but here the judge exercised discretion to make sure that the prejudice would be mitigated in this particular case, where these particular jurors, for them not to know the particulars of the defendant's charged other pending case. And so that does mitigate the prejudice, as well as the fact that this court has to heed the Ilgen case, where the faith and properly instructed jury to separate issues is cornerstone of the system. So essentially, it does mitigate the prejudice, the fact that the jury does receive a limiting instruction. So even if this were a close issue, because of the abuse of discretion standard review, this court would be bound to affirm, because there has to be a clearly erroneous decision by the judge to permit this evidence to come in. And if it's a close case, the defendant loses this argument, because the judge exercised discretion against his position. So the defendant does raise this proof of a poisonous tree doctrine. It's not something under the Winsett case that is recognized for Miranda's prophylactic rule. So the prosecution and the trial court are entitled to make use of unworn statements that would be subject to Miranda's exclusionary rule. That would mean evidence of the fact that the state and the trial court learned of the defendant's reason for swallowing the baggie. That's not something that has to be forgotten, in other words. So for those reasons, this court should affirm on that issue. The fact that it was capitalized on in oral argument only matters if this was erroneously admitted. As far as what was read by the judge, there's no objection to the form of how this evidence came in by the defendant's counsel. So it seems like that issue would be forfeited, and it doesn't really make a large difference. Also, I wanted to emphasize the Pikes case, which was a situation where there was additional motives involved. And the fact that the defendant has more than one motive doesn't mean that the evidence of one of those motives is not probative as to why the defendant did what he did. So with respect to the IPI issue, the question is really whether the subject matter of the non-IPI instruction was covered by an IPI instruction, those being numbers 22.19 and 22.20, which deal with obstructing justice. However, there's no IPI instruction which defines what does or does not constitute, quote, physical evidence, which is one of the elements of the offense that's charged for a defendant's obstructing justice. So there is precedent for issuing non-IPI instructions where, for example, under Bush, the existing IPIs at the time for home invasion did not define whether an entry would be or would not be unauthorized because there was no IPI instruction on the limited authority doctrine. That has since been remedied, but at the time, the judge was able to provide the non-IPIs. In a felony murder case, the jury was told that the state need not prove the original intent to kill the deceased. Well, it seems like the same situation here where the jury is being told what the state need not have to prove. And in that case, it was found to be a correct statement of law. And because the jury received the correct legal principles, just as the jury did in this case, there is no error. And so this is not a situation where items or passages are being pulled out of appellate court opinions. This was a lot more necessary than just an ordinary case because there was a fairly extensive cross-examination that was brewing with respect to the state's witnesses by the defendants as to whether the witnesses knew that what the item that defendant swallowed did or did not contain an illegal substance or what the nature of that substance was. For example, whether it possessed a certain physical characteristics that would make it appear to be cocaine or cannabis. Because of that situation, the defendant claims that, well, the defendant never argued that that was somehow a reason to acquit him. However, the defendant never got a chance to argue that because the state asked for and received this non-IPI jury instruction informing the jury, the state does not have to prove that the item was an illegal substance. So essentially, the defendant would not have been able to argue that in the face of that instruction, but the instruction was necessary to protect the state's right to a fair trial because otherwise, as the defense says, this should be a matter left for argument as a defendant's position. But really, it's a situation where if this were left to argument, the defendant would have been able to argue to the jury that, well, this was not known to be an illegal substance, therefore you should acquit him of obstructing justice, which is not the law because the state does not have to prove the physical evidence was, in fact, illegal. So for that reason, the trial court did not abuse its discretion in granting the state's request for a non-IPI instruction. For these reasons, the state requests this court to affirm, and thank you for entertaining any further questions. If the court were to find the trial judge committed error by telling the jury the defendant was on bond, could we find that error to be harmless, even though the state has not made such an argument? This court could affirm on the basis of any ground that's reflected in the record. So that would include an unargued grounds of harmless error, even if the state did not raise it. The state is not raising harmless error, but that does not preclude this court from deciding to affirm the judgment on any ground that it wishes, that's supported by the record. So the state doesn't have to make a harmless error argument to avoid forfeiture. That's your position? If this court wants to hold the state to its forfeiture of the harmless error doctrine, this court could do so. However, if this court wanted to disregard that and decide to affirm the judgment on a ground that it determines that it's supported by the record, this court has the power to do so, and it would not be reversible error by the Illinois Supreme Court for them to say that this court should not have decided the case on that ground, even if the state did not argue. Any other questions, Your Honors? Seeing none, thank you. Any rebuttal? First point, counsel has not forfeited. None of these issues are forfeited. The state mentioned the fact that counsel let this evidence in. Well, he's not going to stipulate it. I'm talking about the judicial notice. He objects to everything. He fully preserved the record, which is great. Because then that means for Mr. White, it's on the state's part, which we were just talking about. The state has the burden of proving, under Chapman, the U.S. Supreme Court has said if there's a trial error, which we're maintaining there is two trial errors here, they have to prove beyond a reasonable doubt it did not contribute to its conviction. The first error, prejudice. We have rules against evidence about prior bad acts by the defendant. Why? Because the danger that the jury could misuse the evidence, even if there's a limiting rule, that's why we have a balancing test. That's exactly the reason why. The state also seems to be asking this court to carve out a new rule, some sort of exception where if evidence is excluded, in this case being Mr. White's statement, that somehow, and counsel pointed this out below, the state can then backdoor it in. I think we should look at this in the context of assuming Mr. White never made this statement, and the prosecutor during trial came to the judge and said, Judge, this guy was on bond. We think it's his motive, and that's why he swallowed it. I think a trial judge sitting there with nothing else, no statement, nothing, would say that's pretty tenuous. If you have any motive, it's based on the fact that he doesn't want to get charged with the construction of possession of the item that's in his arm's reach. So in that sense, I think you can't separate the fact that the judge did hear this evidence, and that's the state's whole argument and closing argument. He's doing this because he's on bond. Well, if Mr. White never made that statement, and we have other cases, plenty of cases I think for defense, or getting arrested in drug cases, are they on bond for something else? Possible. But it's peculiar that in this case is where they're trying to get this evidence in. Why? Because as counsel below said, once the statement is excluded, well, here it comes. And they make the very same argument. It's not through Mr. White's words, because they didn't get the statement in, but it's through theirs. That's not appropriate. Also, just to touch on limiting instruction, yes, the jury received bond again. Now, this is a situation where this evidence, which is prejudicial about Mr. White being on bond, jury's hearing that, Mr. White's on trial for something else, he's caught in a hotel room, they know he's already got some other charge against him, and this information's coming from the judge. So I think that is a problem as well. So we would ask also that, with regard to the second issue, physical evidence does not need to be defined. The state has made that argument. I think physical evidence is physical evidence. The jury knows what that is. And also, we have to follow Bush, which says you cannot call passages out of cases. This comes from Smith, not, as we said, an IPI case. And there's no need for it. The state never argued that there was some problem with the instruction itself for the IPI that's there. And when we have an accurate, concise IPI, that's what we should use. And for those reasons, we ask that you reverse Mr. White's conviction, because the error's here. I agree that, even if we accept your arguments with the state, that we could still find the error to be harmless, even though they didn't argue it. Well, I think the state, much as the appellant has to do, if there's some sort of issue with plain error, it's always our responsibility to make the argument. Here, I think that these two errors, where I mentioned the confusion that could rise from the jury's instruction about the proof, what does the state have to prove, in addition to the evidence about Mr. White being on bond at the time, that, I would say, contributed to his conviction. We can't say beyond a reasonable doubt that that error was harmless. So I think, yes, the court should find, not only were these errors, but these errors were not harmless beyond a reasonable doubt. Why is the proof beyond a reasonable doubt? Why isn't it just, it's harmless, period? Well, I mean, we don't think it was harmless. You argue that for a harmless error to apply, this court would have to conclude that it was harmless beyond a reasonable doubt. Why is that? Well, under Chapman, for constitutional trial errors, which we believe these are, they're errors that occurred during his trial. What was the constitutional nature of the error? That he has a due process right to a fair trial under the 14th Amendment. Well, then every error would be a constitutional error requiring a appellate court to conclude beyond a reasonable doubt that it was harmless. Well, the court always has to look at the evidence here, and I guess my argument is that, and we're not arguing these are structural errors, but based on the nature of these particular two errors, where there is confusion created about the state's burden by virtue of the IPI and the non-IPI, when you look at those two things, the state has to prove one thing, then the non-IPI says the state doesn't have to prove something else, and then also the error with the evidence coming in about Mr. Wiping on Bond. And the reason why we would say those aren't harmless beyond a reasonable doubt is because there's reasons why we have these rules about IPI to ensure that the defendant receives a fair trial. There's also why we have rules about weighing probative value versus prejudicial effect. Why do we have that? Evidence isn't automatically admitted just because it's relevant. We have to ensure that, in addition to relevant, it doesn't deny the defendant a fair trial. Thank you. Thanks to both of you. The case is submitted. The court stands in recess.